UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| URMILA PATEL and husband<br>RAMESH R. PATEL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:05-CV-00228<br>(Guyton) |
| WAL-MART STORES EAST, L.P., | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

This is a premises liability case. The plaintiffs have brought suit against Wal-Mart Stores East, L.P. ("Wal-Mart"), seeking damages for injuries that the plaintiffs claim Ms. Patel incurred when she fell over the bottom piece of the refrigerated counter [the kick plate] which had come loose and protruded into the aisle way in the produce department of Wal-Mart's Walbrook Drive (Walker Springs) store in Knoxville, Tennessee.

Wal-Mart moves for summary judgment, arguing that there is no evidence that it had either actual or constructive notice that the kick plate, if that is what caused the plaintiff to fall, was out of place until at or after the time the plaintiff stepped to the counter and fell. [Doc. 13]. The plaintiffs oppose Wal-Mart's motion, arguing that there is a genuine issue of material fact relative to whether Wal-Mart properly maintained its business establishment, thus, precluding summary judgment. [Doc. 14]. For the reasons that follow, the defendant's Motion For Summary Judgment [Doc. 11] will be **DENIED**.

1

**I. Facts**

On April 12, 2004, the plaintiff, Urmilla Patel, fell while shopping for mushrooms in Wal-Mart's produce department. Ms. Patel states in her affidavit that she tripped over the kick plate that came into contact with the "inside of [her] right foot" and caused her to fall. [Doc. 16-2]. In her deposition, she states that: (1) she did not specifically look under her feet when she stepped up to the counter, (2) she does not know whether the kick plate was out of place when she stepped up to the counter, however (3) she "didn't step over [the kick plate] or step on it" when she stepped up to the counter, and (4) she does not know when it was or how long before she fell that the kick plate got out of place. [Doc. 12-4]. Nonetheless, in her affidavit, she states that "the kick plate would not have tripped [her] if it was not out of position." [Doc. 16-2].

Wal-Mart contends that the kick plate beneath the refrigerated counter where Ms. Patel fell was "not out of place" before the fall, including and up to seconds before her fall. Specifically, Chris Frandsen, assistant manager of the Walker Springs Wal-Mart, states in his deposition that just a few seconds before Ms. Patel fell, he had performed a "safety sweep" of that very area and that the kick plate was not out of place at that time. [Doc. 12-2]. Wal-Mart employee Earl Loy, who was working in the produce department, stocking lettuce, approximately fifteen (15) feet from where Ms. Patel fell, also states in his deposition that he did not notice the kick plate being out of place before the plaintiff fell. [Doc. 12-3]. However, Mr. Loy states that after Ms. Patel fell, the kick plate was "out" about a foot and a half. [Doc. 16-5].

Further, when Mr. Loy was asked whether, prior to this incident, he had ever seen the kick plate "out," he states in his deposition, "yes," on a "few" occasions. More specifically, he states that when he was stocking the area, he would sometimes kick the kick plate and it would come

2

out. [Doc. 12-3]. Additionally, he states that he told his manager, Steven King, that the kick plate was "loose" because he believed "it needed to be taken care of or tied down." [Doc. 16-6].

## II. The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

In considering a motion for summary judgment, the Court must take all of the evidence submitted by the non-moving party as true, and must draw all reasonable inference in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. Id. at 248, 106 S. Ct. at 2510. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An entry of summary judgment is mandated if, "after adequate time for discovery upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an

3

element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. In reviewing the evidence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52, 106 S. Ct. at 2512.

### III. Analysis

To establish a negligence claim under Tennessee law, a plaintiff must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McClung v. Delta Square Ltd. P'ship, 937 S.W. 2d 891, 894 (Tenn. 1996) (citing McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995)). "Business proprietors are not insurers of their patrons' safety. However, they are required to use due care under all circumstances." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004). An owner or operator of premises can be held liable for negligence in allowing a dangerous condition to exist on the premises only if (1) "the condition was caused or created by the owner, operator, or his agent," or (2) "if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." Id.

In the instant case, there is some evidence to indicate that Wal-Mart caused or created the dangerous condition which caused the plaintiff to fall. Specifically, there is evidence before the Court that the kick plate, if bumped or kicked, would come out of place and, thus, protrude "out" approximately one and a half feet into the aisle way. In fact, Wal-Mart employee, Earl Loy, not only

4

stated that he had kicked the kick plate out of position while stocking produce before, but that he had also reported to his manager that the kick plate was "loose" and needed to be "taken care of or tied down."

While Ms. Patel does not remember seeing the kick plate out of place when she stepped up to the counter, she does state that the kick plate came into contact with the "inside of [her] right foot" and caused her to fall. Additionally, as indicated by Ms. Patel and Mr. Loy, the kick plate was "out" approximately one and a half feet immediately after Ms. Patel fell.

Based upon this evidence, there is at least a question of fact as to whether Wal-Mart exercised due care in maintaining and/or repairing the kick plate and therefore whether Wal-Mart caused or created the dangerous condition which caused the plaintiff to fall. See Morris v. Wal-Mart Stores, Inc., 330 F.3d 854, 859, 861 (6th Cir. 2003) (finding a reasonable jury could conclude that the defendant allowed water to leak from a freezer, thus creating the dangerous condition which caused the plaintiff's fall). "Whether an owner has exercised the required degree of care to its invitees is a question of fact for the jury." Burgess v. Tie Co. 1, LLC, 44 S.W.3d 922, 924 (Tenn. Ct. App. 2000). Accordingly, summary judgment for the defendant is not appropriate at this time.

**IV. Conclusion**

For the foregoing reasons, the Court finds that there is a basis on which a reasonable jury could find that the defendant caused or created the dangerous condition which caused the plaintiff to fall, or alternatively, had constructive knowledge of same. Accordingly, the Court finds

5

that the defendant Wal-Mart Stores East, L.P. is not entitled to judgment as a matter of law on the record now before the Court. The defendant's Motion for Summary Judgment [Doc. 11] will be **DENIED**

        **IT IS SO ORDERED.**

ENTER:

      <u>     s/ H. Bruce Guyton    </u>
      United States Magistrate Judge

6

Case 3:05-cv-00228   Document 22   Filed 05/05/06   Page 6 of 6   PageID #: 6